Meier S. Block, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 84873. Promulgated May 31, 1938.

*M. M. Dunbar, Esq.,* and *L. L. Dunbar, Esq.,* for the petitioner.
*Jonas M. Smith, Esq.,* for the respondent.

### OPINION.

Opper: This proceeding involves a deficiency in the amount of $641.34 in income tax of petitioner determined by the respondent for the calendar year 1933, resulting in part from the disallowance by respondent of $1,500 of the exemption of $2,500 claimed by petitioner on the ground that he was "head of a family." This only is in controversy.

Petitioner, during the year 1933, was married and had one child, a daughter, who was 19 years of age during that year. Although petitioner was not divorced or legally separated from his wife during that year, he did not live with his wife and daughter. Petitioner and his wife had separated several years prior to 1933, and after the separation and during the taxable year petitioner lived in one home and his wife and daughter lived in another. Neither petitioner's wife nor his daughter had any property or independent means of support during 1933. Petitioner, during that year, furnished them money for food, clothing, living quarters, and other miscellaneous expenses. Petitioner visited his wife and daughter in their home approximately six times during the taxable year, but was consulted many times during that year with regard to his daughter's welfare, and had, to a considerable extent, control over her conduct.

It is petitioner's contention that he is entitled to a personal exemption of $2,500 as the head of a family, pursuant to the provisions

of section 25 (c) of the Revenue Act of 1932. This section of the revenue act, together with article 292 of Regulations 77, which is pertinent to the question presented by this proceeding, are set out in the margin.[1]

In the case of *Alfred E. Fuhlage*, 32 B. T. A. 222, we considered article 292 of Regulations 74, which is the same as article 292 of Regulations 77, and, in approving the provisions of that regulation, we used the following language:

> * * * This portion of the regulations is not in conflict with the statute, but is a fair interpretation thereof. It, therefore, has the force and effect of law. *Maryland Casualty Co.* v. *United States*, 251 U. S. 342. This provision of the regulations is the same as corresponding provisions of prior and subsequent regulations, and the fact that Congress has continued to reenact, in the successive revenue acts, the provisions regarding the personal exemption of the head of a family, without change, is persuasive evidence of legislative approval of the regulation. *Brewster* v. *Gage*, 280 U. S. 327; *Helvering* v. *Bliss*, 293 U. S. 144.

It is clear that petitioner "supports and maintains * * * one or more individuals who are closely connected with him by blood relationship * * *" and does have a "right to exercise family control and provide for these dependent individuals * * * based upon some moral or legal obligation", as the regulation provides. "Civilly, a father is entitled to the custody, services, and earnings of a minor child, and is under obligation to provide for the welfare of the child, and the child is subject to parental discipline and restraint", *Manners* v. *State* (Ind. 1936), 5 N. E. (2d) 300. Other parts of the regulation, however, use the phrases "continuous actual residence together" and "in one household" and "the common home

---

[1] SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME.

There shall be allowed for the purpose of the normal tax, but not for the surtax, the following credits against the net income:

* * * * * *

(c) PERSONAL EXEMPTION.—In the case of a single person, a personal exemption of $1,000; or in the case of the head of a family or a married person living with husband or wife, a personal exemption of $2,500. A husband and wife living together shall receive but one personal exemption. The amount of such personal exemption shall be $2,500. If such husband and wife make separate returns, the personal exemption may be taken by either or divided between them.

ART. 292. *Personal exemption of head of family.*—A head of family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation. In the absence of continuous actual residence together, whether or not a person with dependent relatives is a head of a family within the meaning of the Act must depend on the character of the separation. If a father is absent on business, or a child or other dependent is away at school or on a visit, the common home being still maintained, the additional exemption applies. If, moreover, through force of circumstances a parent is obliged to maintain his dependent children with relatives or in a boarding house while he lives elsewhere, the additional exemption may still apply. If, however, without necessity the dependent continuously makes his home elsewhere, his benefactor is not the head of a family, irrespective of the question of support. A resident alien with children abroad is not thereby entitled to credit as the head of a family. As to the amount of the exemption, see article 291.

being * * * maintained" and indicate that the usual situation envisaged is the maintenance of one common home in which the benefactor and his dependents actually reside together. But it is apparent from still other parts of the regulation that unusual circumstances are recognized as justifying some relaxation of this requirement. If the examples of such unusual circumstances given in the regulation do not precisely describe the facts before us, they at least throw light on its intention, and we may arrive at our decision by determining whether this proceeding is more like the usual situation, on the one hand, or the unusual circumstances recognized as exceptional, on the other. We have reached the latter conclusion. Indeed these facts closely resemble, if they do not exactly represent, those where "through force of circumstances a parent is obliged to maintain his dependent children with relatives." Certainly we should not be justified in concluding that maintenance of a young daughter with the wife rather than in petitioner's home was not dictated by "force of circumstances." It seems to us that the essential elements requiring the designation of petitioner as the "head of a family" are present here, and that he comes within the fair intendment of the definition of that term as given in the regulation.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

KERN, dissenting: I respectfully dissent from the opinion of the majority of the Board.

In the case of *Alfred E. Fuhlage*, cited in the majority opinion, we approved the article of the regulations in question as a whole and without reservation, on the ground that it was a fair interpretation of the statute, not in conflict therewith, and because the section of the act interpreted by the regulations had been several times reenacted without change by Congress subsequent to the writing of this article of the regulations.

A careful reading of the entire regulation leads to the conclusion that a taxpayer will be considered "a head of a family" only when he maintains a home in which he and his dependent relatives live together, except when they are separated temporarily or by necessity. Any other conclusion necessitates the ignoring of all of the regulations which we have heretofore approved as having the force and effect of law, with the exception of the first sentence.

In this case there is not a scintilla of evidence that the petitioner was obliged by "force of circumstances" or other reasons to maintain his dependent wife and daughter in one home, while he lived in another. There is no reason whatever appearing in the record for

the separation. It may be conceded that if the petitioner were divorced from his wife or separated from her by judicial decree, he might be considered "a head of a family" under the regulation because in that case there would be a necessity for the separation; but that is not the case before us.

The statute allows a personal exemption of $2,500 "in the case of the head of a family or a married person living with husband or wife." Petitioner was a married person and was not living with his wife. However, since he was supporting and maintaining her and his 19 year old daughter (for whose support he could not claim a $400 credit as a dependent) in a separate home, it is proposed to grant him a personal exemption of $2,500 as the head of a family. This would seem to be not only contrary to the regulation which has just been discussed, but also against the legislative policy as expressed in the act.

BLACK and LEECH agree with this dissent.