HASSARD SHORT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89894.    Promulgated March 8, 1939.

*Michael Kurz, Esq.*, for the petitioner.
*S. U. Hiken, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined deficiencies in the petitioner's income taxes as follows:

| | |
|---|---|
| 1933 | $60 |
| 1934 | 315 |
| 1935 | 298 |

The only question for decision is whether the petitioner is entitled to a personal exemption of $2,500 as the head of a family. We hereby find the facts as agreed upon by the parties in their stipulation, including those which the respondent objected to as immaterial.

The petitioner is an alien, a subject of Great Britain. He maintained during the taxable years a residence at his ancestral home in England and was domiciled there. His mother, who was aged and infirm, resided there and was supported and maintained by the petitioner in that home during all of the taxable years. The petitioner resided there with her whenever he was in England. His father died in 1933. The petitioner has been engaged in the business of directing and producing theatrical plays in the United States and England. The conduct of that business required him to spend about one-half of his time in the United States. He maintained a residence in the city of New York, where he resided while in the United States on business. The parties agree that the petitioner is a resident alien of the United States for income tax purposes. The petitioner claimed an exemption of $2,500 for each year as the head of a family. The Commissioner disallowed that claim and allowed instead a personal exemption of $1,000 and a credit of $400 for a dependent mother.

Section 25 (c) of the Revenue Act of 1932 and the corresponding section of the Revenue Act of 1934 provide that individuals shall be allowed certain credits against net income, including a personal exemption of $1,000 in the case of a single person and of $2,500 "in the case of the head of a family or a married person living with husband or wife." The parties correctly assume that the above provision applies to a resident alien. Compare section 214, which shows that nonresident aliens are not allowed the exemption of $2,500 as head of a family. Article 292 of Regulations 77,[1] promulgated under the Revenue Act of 1932, is as follows:

*Personal exemption of head of a family.*—A head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation. In the absence of continuous actual residence together, whether or not a person with dependent relatives is a head of a family within the meaning of the Act must depend on the character of the separation. If a father is absent on business, or a child or other dependent is away at school or on a visit, the common home being still maintained, the additional exemption applies. If, moreover, through force of circumstances a parent is obliged to maintain his dependent children with relatives or in a boarding house while he lives elsewhere, the additional exemption may still apply. If, however, without necessity the dependent continuously makes his home elsewhere, his benefactor is not the head of a family, irrespective of the question of support. A resident alien with children abroad is not thereby

---

[1] Prior and subsequent regulations contain substantially identical provisions.

entitled to credit as the head of a family. As to the amount of exemption, see article 291.

The petitioner is an individual who actually supports and maintains in one household one individual who is closely connected with him by blood relationship. His right to exercise family control and provide for this dependent individual is based upon a moral or legal obligation. So far, he clearly comes within the definition of the head of a family contained in article 292. Similar regulations have been approved as proper. *Alfred E. Fuhlage*, 32 B. T. A. 222. The petitioner and his mother do not reside together continuously and, therefore, under the regulation, the question of whether or not this person with a dependent relative is the head of a family within the meaning of the act "must depend upon the character of the separation." The regulation gives several examples and draws a distinction between a separation for which there is no necessity and a separation which is occasioned by some necessity, such as business. This petitioner maintained two residences. The only reason that he maintained a residence in the United States was that he had to come here on business. It was not convenient for him to bring his mother with him. The evidence indicates that she was not able to leave home. However, he returned to England and lived with his mother in their home there whenever business permitted. Thus, the character of the separation of this petitioner from his family was such that he would be entitled to the exemption as head of a family under the regulation.

The respondent argues, however, that the following sentence of the regulation is controlling and denies to this petitioner the exemption which he claims: "A resident alien with children abroad is not thereby entitled to credit as the head of a family." This example might seem at first glance to be the one most nearly like the present case. Cf. *Meier S. Block*, 37 B. T. A. 945. However, upon further study, we have come to the conclusion that the sentence was not intended to deny the exemption in a situation like the present. A proper interpretation of the sentence would seem to be that a resident alien is not entitled to credit as a head of a family *merely* because he has children who live abroad, but in his case, like all others, the credit depends "upon the character of the separation." If it appears, as here, that he has not only a residence in this country, but also a residence abroad; his dependents live in his residence abroad; he lives there with them and is separated from them only because of the necessity of coming to this country during a part of the year to conduct his business, then he would seem to be entitled to the exemption. But however that may be, we conclude that this petitioner is entitled to the exemption as head of a family.

Reviewed by the Board.

*Decision will be entered for the petitioner.*