CLAUDE S. RUCKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99749. Promulgated June 11, 1940.

*Claude S. Rucker* pro se.
*E. L. Corbin, Esq.*, for the respondent.

## OPINION.

BLACK: Section 25 (b) (1) of the Revenue Acts of 1934 and 1936 reads in part as follows:

(b) * * * There shall be allowed for the purposes of the normal tax and the surtax the following credits against net income:

(1) PERSONAL EXEMPTION.—In the case of a single person, a personal exemption of $1,000; or in the case of the head of a family or a married person living with husband or wife, a personal exemption of $2,500. * * *

The Treasury has promulgated Regulations 86 and 94 relating to the Revenue Acts of 1934 and 1936, respectively, and article 25–5 of each of those regulations reads as follows:

*Personal exemption of married person.*—In the case of a married man or married woman the joint exemption replaces the individual exemption only if the man lives with his wife or the woman lives with her husband. In the absence of continuous actual residence together, whether or not a man or woman has a wife or husband living with him or her within the meaning of the Act must depend on the character of the separation. If merely occasionally and temporarily a wife is away on a visit or a husband is away on business, the joint home being maintained, the additional exemption applies. The unavoidable absence of a wife or husband at a sanatorium or asylum on account of illness does not preclude claiming the exemption. If, however, the husband voluntarily and continuously makes his home at one place and the wife hers at another, they are not living together within the meaning of the Act, irrespective of their personal relations. * * *

It seems plain that, under the applicable statutes and regulations which we have quoted above, petitioner is not entitled to the $2,500

personal exemption which he claims as a married person. The evidence at the hearing shows that in each of the taxable years petitioner and his wife were not living together as man and wife. She was living in an apartment in one residence and he in another. There is no evidence before us to show that the separation was involuntary. The wife testified at the hearing that during the years in question she was in poor health and unable to work and that petitioner supported her. That was about the extent of her testimony. No explanation was given as to why they were living apart. For aught we know they may have been living apart by mutual agreement without one being more at fault than the other.

We think the facts which we have been able to find in our findings of fact fail to bring petitioner within the terms of the $2,500 personal exemption granted to a married man living with his wife.

Nor do we think that the facts entitle the petitioner to personal exemption of $2,500 as the head of a family. The facts of the instant case are distinguishable from those present in *Meier S. Block*, 37 B. T. A. 945, in which we allowed the taxpayer $2,500 personal exemption as the head of a family. In that case the taxpayer was a married man, with a wife and a minor daughter. The wife and daughter were living apart from the taxpayer. The taxpayer lived in one house and his wife and daughter lived in another. Although the husband and wife were separated, there had been no divorce. Neither the taxpayer's wife nor his daughter had any property or independent means of support. The taxpayer during the taxable year in question furnished them money for food, clothing, living quarters, and other miscellaneous expenses. He visited his wife and daughter in their home approximately six times during the taxable year and was consulted many times during that year with regard to his daughter's welfare and had, to a considerable extent, control over her conduct. Under those circumstances in the *Block* case, *supra*, we allowed the taxpayer a personal exemption of $2,500, not on the ground that he was a married man living with his wife, but on the ground that he was the head of a family within the meaning of section 25 of the Revenue Act of 1932 and the regulations promulgated thereunder. In that case, among other things, we said:

It is clear that petitioner "supports and maintains * * * one or more individuals who are closely connected with him by blood relationship * * *" and does have a "right to exercise family control and provide for these dependent individuals * * * based upon some moral or legal obligation", as the regulation provides. "Civilly, a father is entitled to the custody, services, and earnings of a minor child, and is under obligation to provide for the welfare of the child, and the child is subject to parental discipline and restraint", *Manners* v. *State* (Ind. 1936), 5 N. E. (2d) 300.

In the instant case there is no minor child as there was in the *Block* case, *supra*. The case of *Sidney Williamson Kirtland*, 39 B. T. A. 959, is distinguishable upon the same ground.

In the instant case there is a wife who during the taxable years was entirely supported by the husband, petitioner, but there is nothing to show that he had any right to exercise any family control or that there was any "legal or moral" obligation on his part to provide the support which the regulations require with reference to "head of a family." For aught we know, the fact that Mrs. Rucker was living apart from her husband may have been entirely voluntary on her part. The fact that petitioner continued to support her, though separated, may have been due to motives of generosity rather than any legal or moral obligation on his part. For us to find that petitioner continued to support his wife after the separation because he was morally and legally bound to do so, we would have to assume facts which are not in the record. That we may not do. If, notwithstanding the separation, petitioner continued legally and morally bound to support his wife, the facts which made him so obligated should have been proved at the hearing. We can not supply their absence by inference.

As we have already stated, petitioner furnished the sole support of his wife during the taxable years. He claims that if he is not entitled to a personal exemption of $2,500 as a married man living with his wife or as the head of a family, then in the alternative he is entitled to a credit of $400 in each of the taxable years for one dependent. Section 25 (b) (2) of the Revenue Acts of 1934 and 1936 provides:

CREDIT FOR DEPENDENTS.—$400 for each person (other than husband or wife) dependent upon and receiving his chief support from the taxpayer if such dependent person is under eighteen years of age or is incapable of self-support because mentally or physically defective.

The plain language of the statute appears to exclude husband and wife from the classification of "dependents." If a spouse is entitled at all to personal exemption on account of husband or wife, he is entitled to the full amount of $2,500. Failing to be entitled to that exemption, he is only entitled under the statute to a personal exemption of $1,000 as a single person.

For reasons already stated we sustain the Commissioner in his allowance to the petitioner of a personal exemption of $1,000 for each of the taxable years. Inasmuch as the petitioner did not file any income tax return for either of the taxable years, the penalties are mandatory. *Paul L. Case*, 37 B. T. A. 365, and cases there cited.

*Decision will be entered for the respondent.*