HARRY P. KISHNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 93434. Promulgated July 31, 1940.

*Harry P. Kishner, Esq.,* pro se.
*David Altman, Esq.,* for the respondent.

**458**

OPINION.

HILL: The question for decision is whether or not petitioner is entitled to a personal exemption of $2,500 as the head of a family during the taxable year. The deficiency in controversy results from respondent's disallowance of such exemption. Section 25 (b) (1) of the Revenue Act of 1936, the statute applicable here, provides, among other things, that a personal exemption of $2,500 shall be allowed as a credit against net income "in the case of a head of a family", but does not define the term "head of a family." Respondent has defined such term in his Regulations 94, article 25-4, quoted in the margin below.[1]

[1] ART. 25-4. *Personal Exemption of Head of Family.*—A head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation. In the absence of continuous actual residence together, whether or not a person with dependent relatives is a head of a family within the meaning of the Act must depend on the character of the separation. If a father is absent on business, or a child or other dependent is away at school or on a visit, the common home being maintained, the additional exemption applies. If, moreover, through force of circumstances a parent is obliged to maintain his dependent children with relatives or in a boarding house while he lives elsewhere, the additional exemption may still apply. If, however, without necessity the dependent continuously makes his home elsewhere, his benefactor is not the head of a family, irrespective of the question of support. * * *

The quoted provisions of Regulations 94 are substantially the same as those contained in regulations issued under prior revenue acts, and we have repeatedly approved the language used as being a fair interpretation of the statutes and having the force and effect of law. *Alfred E. Fuhlage*, 32 B. T. A. 222; *Mary H. Walton*, 37 B. T. A. 620; *Annette Loughran*, 40 B. T. A. 252.

That petitioner in some respects meets the essential requirements of respondent's definition is at once apparent. By the allowance of the credits for dependents in the sum of $800 respondent concedes that petitioner's parents derived their principal support from him. Aside from their home (rental value $30 per month), undoubtedly petitioner was the principal if not sole support of his parents during the taxable year, and, of course, the dependents were "closely connected with him by blood relationship." However, respondent contends that petitioner does not qualify as the "head of a family" within the meaning of the statute and regulations, principally for the reason that he did not support and maintain his parents in one household with himself, but that without necessity the parents continuously made their home in Philadelphia while petitioner resided in Chicago. We think respondent's contention must be sustained.

The quoted regulation does not require absolutely and under all conditions that a taxpayer and his dependents reside continuously in one household, but if separate homes are maintained, reasonable necessity therefor must appear in order to entitle the taxpayer to the personal exemption allowable to the "head of a family." That petitioner does not come within any of the exceptions mentioned in respondent's regulations is too obvious to require discussion, but the examples stated do not purport to be all-inclusive. We have had occasion to allow the exemption in other circumstances, where reasonable necessity appeared for the maintenance of separate homes.

In *Olive Ross*, 37 B. T. A. 928, the petitioner's dependent mother was adjudged insane and committed to a state hospital by a court of competent jurisdiction. The state furnished the mother with food and medical treatment, but petitioner supplied all other necessities. We held petitioner entitled to the personal exemption allowable to the head of a family, saying:

The regulations recognize that there need not be continuous, actual residence together if circumstances justify the separation and there is a necessity for continuously maintaining the dependent elsewhere.

On substantially the same ground, we held in *Meier S. Block*, 37 B. T. A. 945, that the taxpayer was the head of a family. There the petitioner, voluntarily separated from his wife, maintained two

homes, living in one alone while supporting and maintaining in the other his dependent wife and daughter, over whom he exercised family control. We concluded that the taxpayer was obliged through force of circumstances to maintain his dependent daughter with her mother, and thus came within the Commissioner's regulations.

*Hassard Short*, 39 B. T. A. 567, is on principle a similar decision. There we held the taxpayer, a resident alien, was the head of a family where he maintained his aged mother in their home in England, notwithstanding he also maintained a residence in New York and spent about one-half of his time on business in this country.

In *Estate of Grace Adams Howard*, 42 B. T. A. 449, the decedent was supporting, maintaining and exercising family control over her niece by marriage, who was blind and wholly dependent on decedent for support. Because of the dependent's infirmity and the circumstances in decedent's home the dependent was of necessity maintained in a separate establishment provided by decedent. We held on the facts in that case that decedent was the head of a family within the meaning of section 25 (b) of the Revenue Act of 1936 and entitled to a personal exemption of $2,500.

The instant proceeding is distinguishable from the decisions above cited. Petitioner resided in Chicago and contributed money to the support of his parents in their own home in Philadelphia. It was more convenient and less expensive to do this than to establish and maintain his parents in a common home with himself in Chicago. Obviously, during the taxable year, when petitioner received a salary of $5,000, he was financially able to maintain a home for himself and his parents in Chicago commensurate with their standard of living, if he had desired to do so. And it is shown that the parents were mentally and physically able to move to Chicago. In our opinion, petitioner's desire to minimize expenses does not under the facts here constitute reasonable necessity within the meaning of article 25-4, *supra*, for supporting his parents in a home separate from his own. Moreover, it is not shown that petitioner exercised family control over his parents or their household. He did not even provide the home in which they lived. The evidence is clear that what he did, and all that he did, was to send money to his parents or pay their bills for living expenses. He was not in the taxable year the "head of a family" within the meaning of the statute and regulations; he merely contributed to the support of his dependent parents.

Respondent's determination is approved.

*Decision will be entered for respondent.*