PERCIVAL PARRISH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 103406. Promulgated April 9, 1941.

*Charles S. Jacobs, Esq.*, and *William R. Spofford, Esq.*, for the petitioner.

*Paul E. Waring, Esq.*, for the respondent.

OPINION.

Sternhagen: The petitioner claims to have been the head of a family in 1936, and demands the personal exemption of $2,500 allowed by the Revenue Act of 1936, section 25 (b) (1). The term "head of a family" is not defined in the act, but its scope is to some extent indicated in the regulations,[1] and these have been frequently adopted as the pattern for construction.[2]

---

[1] ART. 25–4. [Regulations 94.] *Personal exemption of head of family.*—A head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation. In the absence of continuous actual residence together, whether or not a person with dependent relatives is a head of a family within the meaning of the Act must depend on the character of the separation. If a father is absent on business, or a child or other dependent is away at school or on a visit, the common home being still maintained, the additional exemption applies. If, moreover, through force of circumstances a parent is obliged to maintain his dependent children with relatives or in a boarding house while he lives elsewhere, the additional exemption may still apply. If, however, without necessity the dependent continuously makes his home elsewhere, his benefactor is not the head of a family, irrespective of the question of support. A resident alien with children abroad is not thereby entitled to credit as the head of a family. As to the amount of the exemption, see article 25–3.

[2] *Estate of Grace Adams Howard,* 42 B. T. A. 449; *Meier S. Block,* 37 B. T. A. 945; *Alfred E. Fuhlage,* 32 B. T. A. 222, dismissed, 79 Fed. (2d) 998.

Petitioner, recognizing a moral or legal obligation, supported and maintained his aged mother and sisters, who had no other means of support. They were not in the same household, but the circumstances explain this and show it to be entirely reasonable. Clearly petitioner, whose established business was in Philadelphia, could not reasonably be expected to live with his mother in Newport; and his mother and sisters, having lived for more than fifty years in Newport, could not reasonably be required to live with him in Philadelphia. Where the separate homes are thus justified, they do not preclude the statutory exemption, *Estate of Grace Adams Howard*, 42 B. T. A. 449; *Hassard Short*, 39 B. T. A. 567; *William Lee Tracy*, 39 B. T. A. 578; *Meier S. Block*, 37 B. T. A. 945; *Olive Ross*, 37 B. T. A. 928, although an unjustified separation may do so, cf. *Henry P. Kishner*, 42 B. T. A. 456; *Claude S. Rucker*, 42 B. T. A. 32. The fact that petitioner was the sole support of the Newport household may itself be fairly regarded as giving him the right to exercise family control, and the suggestions which he occasionally made of household economies and the consultation as to financial matters, although very slight, are some indication that some control was recognized—enough in a harmonious family to have significance. Cf. *Sidney Williamson Kirtland*, 39 B. T. A. 959.

The determination is reversed.

*Decision will be entered for the petitioner.*