**MILLER v. GLENN, Collector of Internal Revenue.**

**No. 294.**

District Court, W. D. Kentucky, Louisville Division.

July 24, 1942.

---

24 Ga.Code, Sec. 57-110.

olds, Jr., Sp. Assts. to Atty. Gen., for defendant.

MILLER, District Judge

The plaintiff, William F. Miller, brought this action to recover from the defendant, Collector of Internal Revenue, at Louisville, Kentucky, income taxes for the years 1936, 1937 and 1938, which he alleges were erroneously assessed against him and which were paid under protest. The question involved is whether or not the plaintiff was entitled to the personal exemption as head of a family.

The following facts are stipulated by the parties:

The taxpayer, William F. Miller, is and has been during all of the years involved an unmarried man, and during said years has been vice president of the Citizens Union National Bank of Louisville, Kentucky, in charge of country banks. His duties as such vice president necessitate his visiting the various country banks throughout the State of Kentucky, and adjacent territory in other States, calling upon country bankers. During the years in question he has maintained a room at the Kentucky Hotel, at Louisville, Kentucky, where he spends his time when in the City of Louisville. He spends approximately one-half of his time away from the City of Louisville in connection with his duties.

The taxpayer has, during each of the years in question, contributed in cash for the support of his sister approximately $1,600 per annum for the purpose of providing food and clothing. The arrangement, whereby the taxpayer's sister resides in a home which he maintains for her and whereby he has a room in the Kentucky Hotel, in Louisville, Kentucky, for the purpose of staying during the time he is in Louisville, is considered by him and his sister to be more desirable and suitable than for his sister to reside with him in Louisville. The taxpayer's sister has authority to make purchases at various stores, and said purchases are charged to the taxpayer. The taxpayer's sister regularly and frequently consults with the taxpayer as to the desirability of many of these purchases.

The Court finds additional facts as follows:

The taxpayer owns and operates for profit a farm at or near Lancaster, Ken-

Robert E. Hatton and Kammerer & Hatton, all of Louisville, Ky., for plaintiff.

S. O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Robert R. Reyn-

tucky, consisting of approximately 56 acres. His father and mother moved on to this farm right after they were married, and his father managed the farm from then until his death for the owner Mr. Ferguson. The taxpayer and seven brothers and sisters were all born there. The taxpayer's father died in 1925 and the owner continued to let the taxpayer's mother and other members of the family live there. The taxpayer's mother died in November 1935 and shortly thereafter the taxpayer purchased the farm in his own name and paid the entire consideration therefor. He remodeled the house on the farm and bought some furniture both for the house generally, and for a room which is set aside for the taxpayer's individual use when he is there. The taxpayer spends most of the week-ends at this farm at Lancaster, and also goes there for the night when he is within a reasonable distance of it on his business trips through that part of Kentucky. He considers it his home, although he has registered for voting and votes at Louisville, Kentucky.

When the taxpayer is engaged in his business at Louisville, Kentucky, he lives at the Kentucky Hotel in that city where he has maintained a room continuously for ten or 12 years. The rent on this room is paid by the taxpayer by the week.

The taxpayer received as salary from the Citizens Union National Bank of Louisville the sum of $8,000 for the year 1936; the sum of $8,000 for the year 1937 and the sum of $9,000 for the year 1938.

The taxpayer has an unmarried sister, approximately 47 years of age, who is not physically capable of self-support and who has never earned her own living. About ten years ago she had blood poison which flares up about once each year, at which times the doctor orders her to bed for approximately a month because of the necessity of remaining off of her feet. The taxpayer furnishes her a home in the house and farm at Lancaster. This sister has no means of support other than what the taxpayer contributes to her, which consists of $100 in cash every month, the payment of doctor's bills and certain charge accounts which she is authorized by the taxpayer to incur at various retail stores.

The taxpayer also provides a home at the farm and house at Lancaster for another sister, who is married, and for her husband who is approximately 60 years of age. He furnishes to this married sister and to her husband both food and clothes in addition to the use of the house as a home. They, to some extent, supervise the operation of the farm. The brother-in-law is not able on account of his age to do very much. He receives no compensation for what he does other than that above indicated. A colored man is employed by the taxpayer to do most of the work on the farm. The taxpayer considers it both advisable and necessary to have someone stay with his unmarried sister, whether she lived on the farm at Lancaster, or in a hotel at Louisville, due to his absence from home approximately fifty percent of the time.

The taxpayer, as a single person, is entitled to a personal exemption of $1,000 for the years in question unless he is classified as the head of a family, in which event personal exemption is $2,500 for the years in question. Section 25 Revenue Act of 1936; Section 25 Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Code § 25.

██ A head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation. In the absence of continuous actual residence together, whether or not a person with dependent relatives is a head of a family within the meaning of the Act must depend upon the character of the separation. If a father is absent on business, or a child or other dependent is away at school or on a visit, the common home being still maintained, the additional exemption applies. If, moreover, through force of circumstances a parent is obliged to maintain his dependent children with relatives or in a boarding house while he lives elsewhere, the additional exemption may still apply. If, however, without necessity the dependent continuously makes his home elsewhere, his benefactor is not the head of a family irrespective of the question of support. Article 25—4, Treasury Regulations 94, promulgated under the Revenue Act of 1936; Article 25—4, Treasury Regulations 101, promulgated under the Revenue Act of 1938.

██ Under the facts of this case and the foregoing regulations the Court

considers the taxpayer as a head of a family and entitled to the personal exemption of $2,500. The unmarried sister is dependent upon the taxpayer for support. The necessary blood relationship exists, and the taxpayer provided that support during the tax years in question. The dependent lived in the home which was maintained for her by the taxpayer. Defendant claims that it was not necessary for the dependent to make her home elsewhere than in Louisville with the taxpayer, and this lack of necessity for a separate home destroys the right to the exemption. This overlooks the fact that the taxpayer has no home in Louisville in which the dependent could live. If she moved to Louisville he would either have to acquire and maintain a home for her here or support her separately in hotel accommodations. Due to his absences from the city and her physical condition, a home in Louisville is not practical. There is therefore a practical necessity, even if not an absolute necessity, that the dependent make her home elsewhere. The facts in this case fully justify the ownership and maintenance of a family home in Lancaster, even though the taxpayer is required to spend half of his time in Louisville living in a hotel in that city. I do not think that the law should be construed or applied according to a strict rule of actual necessity, or that the exemption should be denied in every case where it was physically possible for the parties to live in the same home. Where the relationship, financial dependency, and support by the taxpayer actually exist, the question of the necessity of living in separate homes is one which should be judged by the reasonable needs of the case rather than by an arbitrary rule. William Lee Tracy v. Commissioner, 39 B.T.A. 578; J. B. Parker v. Commissioner, 44 B.T.A. 369; Estate of Grace Howard v. Commissioner, 42 B.T.A. 449; Percival Parrish v. Commissioner, 44 B.T.A. 144; Block v. Commissioner, 37 B.T.A. 945; Kirtland v. Commissioner, 39 B.T.A. 959; Short v. Commissioner, 39 B.T.A. 567. The defendant relies chiefly upon Rucker v. Commissioner, 42 B.T.A. 32 and Kishner v. Commissioner, 42 B.T.A. 456. The cases are not closely in point. In the Rucker case the Board based its ruling upon the record which did not disclose the facts which would require the plaintiff to legally or morally support the claimed dependent. In the Kishner case it was pointed out by the

Board that the plaintiff did not provide a home for his parents, but his claim was based solely upon the fact that he sent money to his parents for their living expenses.

The plaintiff is entitled to judgment as prayed.