## JOHNSON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4991.

Circuit Court of Appeals, Fourth Circuit.
Nov. 12, 1942.

Richard E. Thigpen, of Charlotte, N. C., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen. (Sewall Key; Helen R. Carloss, and William A. Clineburg, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before SOPER, DOBIE, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is a petition filed by Curtis B. Johnson, herein referred to as the taxpayer, to review a decision of the United States Board of Tax Appeals entered April 17, 1942, sustaining a finding, by the Commissioner of Internal Revenue, of a deficiency in the taxpayer's income tax for the year 1937 in the amount of $645.00.

The facts as found by the Board are as follows:

"The petitioner during 1937 and many years prior thereto was a resident of Charlotte, North Carolina, and lived in the Charlotte Hotel. He is president and general manager of the Charlotte Observer, a daily and Sunday newspaper, in which he owns a controlling interest which he acquired in 1916.

"During 1923 the husband of petitioner's sister, Ida J. Lee, died leaving an estate which was much involved. The petitioner advanced about $6,000 to clear up the estate. Since that time petitioner has made substantial contributions to his sister for her support and maintenance. During 1937 he was her sole support and contributed about $3,600 for her support and maintenance.

"The sister is about 69 or 70 years of age. She never lived in Charlotte, North Carolina. Except as children in a common home the sister has at no time lived in the same home with the petitioner. About ten years after the death of her husband the sister went to California to see her son who was attending the University of Southern California. Previous to that she had lived in Pittsburgh, Pennsylvania. Being afflicted with bronchial trouble, the smoke and climate of Pittsburgh were not beneficial to her health. She found the climate of California more agreeable and upon the advice of her physician continued to stay there. The sister has three grown sons who live apart from her. They have never contributed in any manner to her support. After the sister went to California the petitioner purchased a property at a cost of $35,000 to $40,000 in Beverly Hills, a suburb of Los Angeles, California, for the purpose of providing a home for his sister until her death. The sister, who was then living in a hotel, immediately moved into the home and has ever since continued to reside therein."

In his tax return for the year 1937 the taxpayer, an unmarried man, claimed the personal exemption of $2,500.00 as head of a family. The Commissioner disallowed this claim and on review the Board of Tax Appeals sustained the findings of the Commissioner.

The statute involved is the Revenue Act of 1936, c. 690, 49 Stat. 1648, 1662, 26 U.S.C.A. Int.Rev.Acts page 834, and reads in part as follows:

"§ 25.  Credits of Individual Against Net Income

\*      \*      \*      \*      \*

"(b) Credits for Both Normal Tax and Surtax.  There shall be allowed for the purposes of the normal tax and the surtax the following credits against net income:

"(1) Personal exemption.  In the case of a single person, a personal exemption of $1,000; or in the case of the head of a family or a married person living with husband or wife, a personal exemption of $2,500.  \*  \*  \*"

Treasury Regulations 94, promulgated under this Act is as follows:

"Art. 25-4.  Personal exemption of head of family.—A head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation.  In the absence of continuous actual residence together, whether or not a person with dependent relatives is a head of a family within the meaning of the Act must depend on the character of the separation. If a father is absent on business, or a child or other dependent is away at school or on a visit, the common home being still maintained, the additional exemption applies.  If, moreover, through force or circumstances a parent is obliged to maintain his dependent children with relatives or in a boarding house while he lives elsewhere, the additional exemption may still apply. If, however, without necessity the dependent continuously makes his home elsewhere, his benefactor is not the head of a family, irrespective of the question of support.  A resident alien with children abroad is not thereby entitled to credit as the head of a family.  As to the amount of the exemption, see article 25-3."

The only question involved is whether the taxpayer is entitled to a personal exemption of $2,500.00 for the year 1937, as the head of a family.

A number of decisions by the Board of Tax Appeals have been cited on behalf of both the taxpayer and the respondent.  J. Brooks B. Parker v. Commissioner, 44 B.T.A. 369; Percival Parrish v. Commissioner, 44 B.T.A. 144; Estate of Grace Adams Howard v. Commissioner, 42 B.T.A. 449; William Lee Tracy v. Commissioner, 39 B.T.A. 578; Hassard Short v. Commissioner, 39 B.T.A. 567; Olive Ross v. Commissioner, 37 B.T.A. 928; Rucker v. Commissioner, 42 B.T.A. 32 and Kishner v. Commissioner, 42 B.T.A. 456.

A study of these decisions shows that they depend largely on the particular circumstances of each case.

The taxpayer relies on the decision in the case of Miller v. Glenn, D.C.W.D.Ky., 47 F.Supp. 794, decided July 24, 1942, but a study of that case shows a different state of facts than those existing in the instant case.

■ Here the Board found that the taxpayer had failed to prove that his sister resided apart from him through necessity and had also failed to prove that he had any right of family control over her.  It was the duty of the taxpayer to prove the facts that would entitle him to the exemption.

■ Determinations of issues of fact by the Board, if supported by substantial evidence, are binding on us.  Helvering v. Rankin, 295 U.S. 123, at page 131, 55 S.Ct. 732, 79 L.Ed. 1343, and cases there cited.

Even should we hold that the conclusions of the Board on these two issues involved mixed questions of law and fact, reviewable by us, we would not feel that the Board should be reversed as we are of the opinion that the determination of the Board was correct.

■ The taxpayer's generosity to his widowed sister and her family, highly commendable as it is, is not of itself sufficient to make him the head of a family and entitle him to the exemption claimed.

The decision of the Board is accordingly affirmed.

Affirmed.