Joseph A. Mahoney v. Commissioner.
Mahoney v. Commissioner
Docket No. 109141.
United States Tax Court
1942 Tax Ct. Memo LEXIS 88; 1 T.C.M. (CCH) 54; T.C.M. (RIA) 42591; November 13, 1942
*88 R. T. Nesbitt, Esq., 725 Rhodes-Haverty Bldg., Atlanta, Ga., for the petitioner. J. Marvin Kelley, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion KERN, J.: Respondent determined a deficiency in petitioner's income tax of $60 for each of the years 1937, 1938 and 1939. The sole issue is whether petitioner, who is a married man not living with his wife because of certain conditions, is entitled to the statutory exemption as head of a family, under section 25 (b) 1, Revenue Act of 1936, and the corresponding provision of the Revenue Act of 1938, [1] and the applicable Treasury Regulations. [2]
*89 [The Facts] The facts are not in dispute. The petitioner is a tailor in Atlanta, Georgia, whither he went in 1905, 3 years after his marriage. Since 1927 or 1928 he has lived at the Atlanta Athletic Club, a few blocks from his tailor's shop, while his wife, Margaret, and their children lived in Peachtree Street. During the years in question all the children were over 21 years of age, the two boys, Don and Jack, living with their mother, and the daughter, Margaret, living in New York City but visiting her mother's home occasionally and always regarding it as her own home. In March 1937, Don, the younger son, got a job with a bank and received a salary of approximately $50 per month. In 1938 his salary averaged $60 per month, and in 1939 $75 per month. Jack, the other son, was hired by his father in the tailor's shop in 1938 at $75 per month, and at $125 per month in 1939. They lived at home in these years without any expense for their food and laundry. Petitioner paid all the expenses of his wife's household. He and his wife had a joint bank account, and she drew her own checks. He exercised no control over his wife but he handled the affairs of his children, and was in communication *90 by telephone every day with his wife's house and often visited there for meals and to take care of matters which had come up. At the time of petitioner's separation from his wife, they were both in such a nervous condition that separation was thought desirable. Petitioner consulted his present physician first in 1937 and he advised him that any more excitement or disturbance of his rest would have a very bad effect, since he suffered from a theumatic heart. Petitioner's heart condition allows him to take very little exercise and he must walk very slowly from his club to his shop. Petitioner's wife's physical health is sound, but she is a highly nervous woman, talkative, excitable and apprehensive, and imagines situations so unlikely that they fall little short of hallucinations. [Opinion] Such are the facts. Petitioner's physician and his daughter both testified to the extremely nervous condition of his wife. The physician also made abundantly clear the diseased condition of petitioner's heart which would make a continual state of excitement highly dangerous to him. It is not clear whether petitioner had a rheumatic heart when he separated from his wife in 1927, nor does his *91 age appear of record, but since he was married in 1902, we may safely assume that he was no longer a young man when the change was made and must have been well advanced in years by 1937. We leave on one side the question whether petitioner was entitled to the exemption by reason of being the support in part of his two adult sons, and confine ourselves to the question whether he is entitled to it as a married man. See Meier S. Block, 37 B.T.A. 945; Sidney Williamson Kirtland, 39 B.T.A. 959. The Regulations provide that "the unavoidable absence of a wife or husband at a sanatorium or asylum on account of illness does not preclude claiming the exemption." We think that the present situation should fall under this provision. Both petitioner and his wife were ill in different ways and living together would have been dangerous not only to petitioner's happiness, but also to his health. It is immaterial that he took refuge in a club and not a hospital, or that he actively carried on his trade as a tailor. He was a sick man peculiarly sensible to the sort of excitement and exacerbation which a very nervous, hysterical woman *92 might cause. It is true that the statute expressly says that the exemption shall be granted to "a married person living with husband or wife," but, as we have pointed out, the Regulations have put a charitable construction on this and have allowed an exception where necessity demands a separation. We think that this case clearly falls within the exception, for the necessity is clear. Judgment will be entered for the petitioner. Footnotes
1. SEC. 25. (b) - (1) Personal Exemption. - In the case of a single person or a married person not living with husband or wife, a personal exemption of $1,000; or in the case of the head of a family or a married person living with husband or wife, a personal exemption of $2,500. A husband and wife living together shall receive but one personal exemption. The amount of such personal exemption shall be $2,500. If such husband and wife make separate returns, the personal exemption may be taken by either or divided between them. ↩
2. ART. 25-4. Personal exemption of head of family. - A head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation. In the absence of continuous actual residence together, whether or not a person with dependent relatives is a head of a family within the meaning of the Act must depend on the character of the separation. If a father is absent on business, or a child or other dependent is away at school or on a visit, the common home being still maintained, the additional exemption applies. If, moreover, through force of circumstances a parent is obliged to maintain his dependent children with relatives or in a boarding house while he lives elsewhere, the additional exemption may still apply. If however, without necessity the dependent continuously makes his home elsewhere, his benefactor is not the head of a family, irrespective of the question of support. A resident alien with children abroad is not thereby entitled to credit as the head of a family. As to the amount of exemption, see article 25-3. ART. 25-5. Personal exemption of married person. - In the case of a married man or married woman the joint exemption replaces the individual exemption only if the man lives with his wife or the woman lives with her husband. In the absence of continuous actual residence together, whether or not a man or woman has a wife or husband living with him or her within the meaning of the Act must depend on the character of the separation. If merely occasionally and temporarily a wife is away on a visit or a husband is away on business, the joint home being maintained, the additional exemption applies. The unavoidable absence of a wife or husband at a sanatorium or asylum on account of illness does not preclude claiming the exemption. If, however, the husband voluntarily and continuously makes his home at one place and the wife hers at another, they are not living together within the meaning of the Act, irrespective of their personal relations A resident alien with a wife residing abroad is not entitled to the joint exemption.↩