296

LOUISE KINGSLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12288.   Promulgated March 29, 1928.

*Louise Kingsley* pro se.
*A. S. Lisenby, Esq.*, for the respondent.

OPINION.

SMITH: The evidence is conclusive that the total amount claimed as a deduction from gross income of 1922 for repairs of the rental

property in the amount of $743.33 is a legal deduction from gross income, the entire amount for repairs. A disallowance of any part of the deduction was in error.

The evidence further shows that the petitioner is entitled to deduct from the gross income of 1924, $25 as a contribution to the American Red Cross. The petitioner claimed a deduction of $40 but could not give details as to the balance of the contributions. Upon the evidence only $25 is a legal deduction from gross income.

Section 216 of the Revenue Act of 1921 provides that certain credits shall be allowed individuals for the purpose of computing the normal tax:

(c) In the case of a single person, a personal exemption of $1,000; or in the case of the head of a family or a married person living with husband or wife, a personal exemption of $2,500, unless the net income is in excess of $5,000, in which case the personal exemption shall be $2,000.

The question to be decided is whether the petitioner is entitled to the exemption granted the head of a family in the amount of $2,500, plus $400 for an alleged dependent mother, or to an exemption of only $1,000. The basis of the petitioner's contention that she was the head of a family was that her mother was with her seven months out of twelve; that she was only five months with a relative and that the petitioner considered that what she received for her services as housekeeper to a relative changed her status as being dependent upon the petitioner; that the petitioner rented the apartment in which both she and her mother lived and attended to all business matters. The evidence does not show how great an expense the support of the mother was to the petitioner. The mother bought her own clothes and paid her traveling expenses to her relative and return. The petitioner paid all the expenses of the apartment.

In article 302 of Regulations 62, a head of a family is defined as:

* * * An individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation.

We are of the opinion that the evidence adduced in the present proceeding does not warrant a finding that the petitioner was the head of a family within the meaning of the Revenue Act of 1921, and of the regulations of the Commissioner prescribed thereunder. Cf. *Hannah D. Stratton*, 5 B. T. A. 1025; *Chester F. Morrow*, 9 B. T. A. 448. The allowance of a personal exemption of the petitioner of only $1,000 is sustained.

*Judgment will be entered on 15 days' notice, under Rule 50.*