MARY H. WALTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90250. Promulgated April 5, 1938.

*W. Richardson Blair, Jr., Esq.*, for the petitioner.
*S. U. Hiken, Esq.*, for the respondent.

**OPINION.**

BLACK: Section 25 (b) (1) of the Revenue Act of 1934 reads in part as follows:

There shall be allowed for the purposes of the normal tax and the surtax the following credits against net income:

(1) PERSONAL EXEMPTION.—In the case of a single person, a personal exemption of $1,000; or in the case of the head of a family or a married person living with husband or wife, a personal exemption of $2,500.  *  *  *

Congress has not defined "head of a family", but the Treasury in its various regulations promulgated under the several revenue acts has defined the term.

Regulations 86 (Revenue Act of 1934) is applicable to the taxable years under consideration. Article 25–4 of those regulations reads in part as follows:

A head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation. * * *

In support of her contention petitioner cites *Alfred E. Fuhlage*, 32 B. T. A. 222, whereas the Commissioner relies upon our decision in *W. E. Massey*, 14 B. T. A. 407; affirmed on this point, *Massey* v. *Commissioner*, 51 Fed. (2d) 76. We think the facts in the instant case bring it more within the scope of the *Massey* case than the *Fuhlage* case.

In the *Massey* case the facts briefly were these: During 1919, 1920, and 1921, the taxpayer was a single man and maintained a home. During 1919 and a part of 1920 his mother lived with him, and during 1919, 1920, and 1921 his sister also lived with him and supervised the running of the household. The taxpayer paid the expenses of the home and also his sister's expenses. The sister was 42 or 43 years of age. On these facts we held that the taxpayer, W. E. Massey, was not the head of a family within the meaning of the applicable statute. The court in affirming our decision on this point, said:

The Board of Tax Appeals took the view that the taxpayer's adult sister had the status of an employee rather than a dependent, and that contributions to her support were in return for the performance of the duties of a housekeeper rather than by reason of any legal or moral obligation of support. Because of paucity of evidence upon this subject we are unable to say that the Board was wrong. Its order is therefore affirmed.

We do not think it can be said that the support which petitioner's son, Crawford, received from her during the taxable years was due to the fact that he was dependent upon her for support. Rather do we think it was because he felt that his mother, on account of her advanced age, required his assistance in attending to her affairs, acting as her chauffeur and as her companion. Hence he placed himself at her service. These duties and services which he performed for her were praiseworthy on his part, yet we do not think they put him in the status of a dependent but rather bring him within the rule announced by the Board and approved by the court in the *Massey* case. A reading of the applicable regulation which we have quoted above shows that the individual or individuals whom the tax-

payer must maintain and support in one household in order to constitute him the "head of a family" must be dependent upon him for support. The language of the regulation is, among other things, "and whose right to exercise family control and provide for *these dependent individuals* is based upon some moral or legal obligation." (Italics ours.)

An identical regulation under the Revenue Act of 1928 was approved by us in *Alfred E. Fuhlage, supra.* One who has independent means of his own or whose status is that of an employee earning his own support by his services is not classed as a dependent even though he is a member of the taxpayer's household and has a close blood relationship to the head of the household. *Hannah D. Stratton*, 5 B. T. A. 1025; *Chester F. Morrow*, 9 B. T. A. 448; *Louise Kingsley*, 11 B. T. A. 296; *Louise C. Ball*, 16 B. T. A. 785; *W. E. Massey, supra.*

We sustain the Commissioner in his allowance to the petitioner of a credit of $1,000 personal exemption in each of the taxable years and in disallowing the claimed credit of $2,500 as the head of a family.

*Decision will be entered for respondent.*