OLIVE ROSS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83198.   Promulgated May 26, 1938.

*Hugh W. McCulloch, Esq.,* and *Ned P. Veatch, Esq.,* for the petitioner.

*Clay C. Holmes, Esq.,* and *Edward L. Weber, Esq.,* for the respondent.

OPINION.

ARNOLD: Section 25 (c) of the Revenue Act of 1932 provides that there shall be allowed for the purpose of the normal tax, but not for the surtax, a personal exemption credit of $2,500 in the case of "the head of a family." Section 25 (b) of the Revenue Act of 1934 provides the same personal exemption for the head of a family, but allows the credit for the purposes of the normal tax and the surtax. There is no statutory definition in either of those acts of the "head of a family."

Article 292 of Regulations 77 and article 25–4 of Regulations 86 interpret the statutory phrase "head of a family" to mean "one who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, * * * and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation." Article 292 and article 25–4 being identical, we have set forth in the margin the provisions of article 292.[1] Prior decisions of this Board have considered the above definition and have held that it was a fair interpretation of the statute, and had the force and effect of law. *Alfred E. Fuhlage*, 32 B. T. A. 222; affd., per curiam, *Helvering* v. *Fuhlage*, 79 Fed. (2d) 998. See also *Mary H. Walton*, 37 B. T. A. 620, and cases cited.

Petitioner has attempted to bring herself within the above definition by showing that she actually supported and maintained a home for her mother before and after commitment, and that in addition she partially supported and maintained her mother during the taxable years. It is stipulated that Mary White was "maintained and treated" at the expense of the State while in the hospital, but petitioner has testified that additional maintenance was necessary on her part in order to supplement the maintenance provided by the state. She has estimated that this additional maintenance cost her on an average of $60 a month during the taxable years, and we have

---

[1] ART. 292. *Personal exemption of head of family.*—A head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation. In the absence of continuous actual residence together, whether or not a person with dependent relatives is a head of a family within the meaning of the Act must depend on the character of the separation. If a father is absent on business, or a child or other dependent is away at school or on a visit, the common home being still maintained, the additional exemption applies. If, moreover, through force of circumstances a parent is obliged to maintain his dependent children with relatives or in a boarding house while he lives elsewhere, the additional exemption may still apply. If, however, without necessity the dependent continuously makes his home elsewhere, his benefactor is not the head of a family, irrespective of the question of support. A resident alien with children abroad is not thereby entitled to credit as the head of a family.

set forth in our findings the articles purchased and the expenses of the petitioner in providing and caring for her mother while the latter was in the hospital.

The evidence indicates that petitioner's mother was maintained and partially supported both by the State of Illinois and by her daughter, the petitioner herein. Assuming that the per capita cost of maintenance during the taxable years was comparable with the per capita cost as indicated in the handbook of information of the Elgin State Hospital, it appears that petitioner expended more for the maintenance, support, and care of her mother than was expended by the state. If, therefore, this proceeding is to turn upon the relative amounts expended by the contributors to the maintenance of Mary White, the petitioner should be considered her mother's chief support.

The regulations recognize that there need not be continuous, actual residence together if circumstances justify the separation and there is a necessity for continuously maintaining the dependent elsewhere. The record here fully establishes the necessity for the mother's absence from her daughter's home. Her mental condition required hospitalization and it was so ordered by the county court. The Illinois statutes clearly obligate a daughter to provide for her dependent mother; and, in cases of commitment of insane people to state hospitals, clearly obligate the relatives of the party committed to provide clothing, transportation, and other incidental expenses not constituting any part of the maintenance or treatment by the state. Secs. 1 and 2, ch. 107, and secs. 15 and 16, ch. 85, Cahill's Illinois Revised Statutes (1929).

This record reveals that petitioner was actually supporting and maintaining her mother, was legally and morally obligated by blood relationship and statute to care and provide for her, and, in view of her mother's mental condition, was necessarily exercising some degree of control over her, particularly on those occasions when she took her mother from the hospital. Petitioner fully expected her mother to return to her home as soon as she had sufficiently recovered, and her mother expected to do so. It was impossible to determine when that would be, owing to the nature of her mother's condition, but it was thought her stay at the hospital would be temporary only. We are satisfied that petitioner has established her right to the personal exemption credit granted to the head of a family. The fact that petitioner's sister was gainfully employed and made her home with the petitioner is no basis, in and of itself, for denying the exemption. Petitioner's testimony and the testimony of her mother equally refute any inference that Mary White was securing any maintenance or support from any source except the State of Illinois

and this petitioner. As between the State and petitioner we are of the opinion that Mary White was dependent upon and looked to petitioner for her chief maintenance, and that the hospital primarily provided medical treatment as distinguished from maintenance and support.

In view of our decision on the first issue, there will be no deficiency for any of the taxable years, and, therefore, no penalty can be imposed for failure to file timely returns. Since petitioner has paid the deficiencies asserted and interest thereon subsequent to filing her appeal, there has been an overpayment of tax in each year. The parties should submit computations showing the amount of overpayment for each of the taxable years, from which the Board can enter its final order. Sec. 322, Revenue Act 1934; sec. 322, Revenue Act of 1932, as amended by sec. 504, Revenue Act of 1934.

Reviewed by the Board.

*Decision will be entered under Rule 50.*