ANNETTE LOUGHRAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89464.    Promulgated July 20, 1939.

*Annette Loughran* pro se.
*Harry R. Horrow, Esq.*, for the respondent.

OPINION.

HARRON: Petitioner claims a personal exemption credit of $2,500 under section 25 (b) (1) of the Revenue Act of 1934 [1] as a head of a family. Respondent contends that petitioner is entitled to the personal exemption credit of $1,000, only, allowed in the case of a single person.

Petitioner bases her claim to the credit as a head of a family upon the grounds that her married mother is dependent on her for support and maintenance and that she actually supported and maintained her dependent mother in one household; that her right to exercise family control and provide for her dependent mother is based on a moral obligation. Such is our understanding of petitioner's contentions from her testimony, petitioner being a lay person and having appeared for herself in this proceeding without counsel and without filing a brief on the law.

The facts show that petitioner was the sole support of her married mother in 1934 and that she maintained her mother in her own home. Also, that the husband of petitioner's mother willfully failed to support and maintain his wife and placed her in the position of a poor person dependent upon an only child, petitioner, for support and maintenance. Petitioner, by selecting and maintaining the home for herself and her mother, and by paying all expenses of the household and the mother, exercised family control. The mother was not in the position of an employee of petitioner and was not

---

[1] SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(b) CREDITS FOR BOTH NORMAL TAX AND SURTAX.—There shall be allowed for the purposes of the normal tax and the surtax the following credits against net income:

(1) PERSONAL EXEMPTION.—In the case of a single person, a personal exemption of $1,000; or in the case of the head of a family or a married person living with husband or wife, a personal exemption of $2,500. A husband and wife living together shall receive but one personal exemption. The amount of such personal exemption shall be $2,500. If such husband and wife make separate returns, the personal exemption may be taken by either or divided between them.

capable of self-support. William Ash lived in the same household with his wife and petitioner, but he did not perform his financial duties and obligations; he did not select the place of abode. It is a reasonable conclusion that, of his own will, he relinquished his place as the head of the family to petitioner. No other conclusion can be reached upon the facts nor is it necessary to reach any other conclusion in applying and construing section 25 (b) (1) of the Revenue Act of 1934, according to our understanding of the intent of Congress.

Congress has allowed a higher personal exemption credit against net income, since the Revenue Act of 1916, to a person who is a head of a family *or* a married person. Finding nothing to the contrary in any express intent of Congress in making such provision in all the revenue acts since 1916, we assume that the underlying reason for the higher personal exemption credit is to make the tax burden of a person who supports and maintains others in the capacity of either a head of a family or a married person somewhat lighter than the tax burden of a single person or a person who is not a head of a family. This involves a weighing of social burdens. While Congress has not defined the term "head of a family", the interpretation of that term made by the Commissioner is enlightening. In Regulations 86, article 25, the term is interpreted as follows:

4. *Personal exemption of a head of family.*—A head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation. * * *

The interpretation adopted by the Commissioner makes it a prerequisite, as we read his interpretation of the statute, that to be classed as a head of a family there must be a legal or moral obligation to exercise family control over a dependent person or persons. This requirement appears to us to be reasonable and to be within the intendment of the statute. Cf. *Alfred E. Fuhlage*, 32 B. T. A. 222, 229. That interpretation applied here would allow classification of petitioner as a head of a family.

In this proceeding, so far as the record shows, petitioner's claim to be a head of a family does not put any strain upon the statute, i. e., there are no conflicting claims by persons in the same family unit for the same personal exemption. William Ash does not claim any personal exemption credit as either a head of a family or as a married person. He has apparently claimed immunity from Federal income tax as a state employee. In such circumstances, we believe petitioner's claim is not defeated by other considerations relating to the legal status of William Ash under local law as a married man.

It is true that under local law a husband is a head of a family and has a primary legal duty to support his wife; nevertheless, where he has neglected his legal duty and failed to exercise his legal rights as a head of a family, then, in applying a provision of a revenue act, we believe that it is in accord with the intendment of Congress to hold that another person who acts as head of the family under exercise of a moral obligation was the head of the family for purposes of taxation. Petitioner supported and maintained her mother, a poor person, according to her concept of her moral obligation. There is even room for argument that petitioner had a legal obligation to support her mother in the existing situation under the provisions of section 206 of the California Civil Code,[2] providing reciprocal duties of parents and children to maintain each other where either is poor and unable to maintain himself by work. Respondent's contentions in this proceeding fail to give proper weight to the facts surrounding petitioner's status and performance in unusual circumstances.

It is held that petitioner is entitled to the personal exemption credit of $2,500 as a head of a family.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

OPPER concurs only in the result.

DISNEY dissents.

———

BLACK, dissenting: I think the Commissioner's determination in this proceeding should be sustained. I, therefore, dissent from the majority opinion.

The findings of fact show that the taxpayer's mother was, during the taxable year, living with her husband, William Ash, and that Ash was employed and received about $2,100 income during the taxable year. Notwithstanding this fact, William Ash and Mrs. Ash resided with petitioner and petitioner contributed the entire support of her mother. Even though this was so and was a very generous act on petitioner's part, I don't think it gives her the right to deduct $2,500 personal exemption as "head of a family." Under Treasury Regulations 86, article 25, quoted in the majority opinion, in order for one to be entitled to the personal exemption of $2,500 granted to the head of a family, it is not enough to simply support and maintain in one household one or more individuals who are closely con-

---

[2] SEC. 206. It is the duty of the father, the mother, and the children of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability. The promise of an adult child to pay for necessaries previously furnished to such parent is binding.

nected with him by blood relationship, relationship by marriage, or by adoption, etc. Those thus supported in the one household must be "dependent" upon the taxpayer who is claiming the $2,500 exemption.

In *Mary H. Walton*, 37 B. T. A. 620, in discussing the requirement just above referred to, the Board said:

\* \* \* A reading of the applicable regulation which we have quoted above shows that the individual or individuals whom the taxpayer must maintain and support in one household in order to constitute him the "head of a family" must be dependent upon him for support. The language of the regulation is, among other things, "and whose right to exercise family control and provide for *these dependent individuals* is based upon some moral or legal obligation." [Italics ours.]

I will agree that if it can be said, under the facts found in the majority opinion, that Mrs. Ash was "dependent" upon her daughter as the word "dependent" is commonly and ordinarily understood, then there would be "moral obligation" enough on petitioner's part to fulfill the requirement of the regulation. But how can it be said, under the facts found, that Mrs. Ash was dependent upon her daughter for support? She was living on amicable terms with her husband, and her husband was employed and received an income of about $2,100 in the taxable year, though apparently contributing nothing to the support of his wife. I think it is stretching the law beyond anything that Congress ever intended to hold that under such circumstances the mother is dependent upon her daughter for support and that the daughter, who furnished support under these circumstances in one household, maintained by her, is entitled to deduct $2,500 as the "head of a family."

Now, if the mother had been estranged from her husband and not living with him and had no means of support of her own and on that account lived with her daughter, doubtless under such circumstances the daughter would be entitled to the $2,500 personal exemption provided by law for the head of a family. Cf. *Olive Ross*, 37 B. T. A. 928. Also, if Ash had been out of employment and had no income with which he could support his wife and by force of these circumstances he and Mrs. Ash had lived in the same household with petitioner during 1934 and petitioner had furnished the sole support of her mother, the personal exemption of $2,500 would perhaps apply.

But the facts here are not that kind of a case and, under the facts as found, I can not agree that petitioner is entitled to the $2,500 personal exemption provided by law for the "head of a family."

Arnold and Hill agree with this dissent.