*Decisions will be entered under Rule 50.*

PERCY WADE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95138. Promulgated July 27, 1939.

*Percy Wade* pro se.
*E. M. Woolf, Esq.*, for the respondent.

OPINION.

BLACK: The Commissioner has determined a deficiency against petitioner for the year 1936 of $38.32. This deficiency arises because the Commissioner has determined that petitioner is not entitled to the $2,500 personal exemption granted by section 25 (b) (1) of the Revenue Act of 1936, but is entitled only to the $1,000 personal exemption accorded a single man, plus credit of $400 for one dependent under section 25 (b) (2) of the act. The petition assigns this action of the Commissioner as error.

The facts are brief and we find them as follows:

The petitioner, Percy Wade, is an unmarried man, with his residence at 2709 24th Street, N. E., Washington, D. C. For the calendar year 1936 he filed his income tax return with the collector of internal revenue at Baltimore, Maryland, and on such return took credit for a personal exemption of $2,500 as the head of a family.

Something like forty years ago, petitioner began to live with a second cousin and his wife in a rented house in Washington, D. C. He was then a young man. He continued to live in their home for a period of about ten years. One day his cousin disappeared and has never returned, nor has he been heard of since. Being deserted by her husband, the wife of petitioner's second cousin was left without any means of support. Because of his gratitude to her for furnishing him a home while he was a young man and for her many kindnesses to him, petitioner assumed the burden of supporting her. He has maintained a home for her ever since the day of her husband's desertion, she keeping house for him. The lady, whose name was not disclosed at the hearing, is now 75 years of age and is still living with petitioner and is entirely dependent upon him for her support. She has no other relatives.

Section 25 (b) (1) of the Revenue Act of 1936, which grants a $2,500 personal exemption to the head of a family, does not define "head of a family." But article 25-4 of Regulations 94, Revenue Act of 1936, defines "head of a family" as follows:

* * * A head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation. * * *

A similar regulation has been approved by the Board, *Alfred E. Fuhlage*, 32 B. T. A. 222; *Mary H. Walton*, 37 B. T. A. 620.

Three essentials are established by the above quoted regulation to entitle the taxpayer to the personal exemption granted to the head of a family:

1. Dependence, accompanied by actual support.
2. Maintenance of the home.
3. Close relationship by blood, marriage, or adoption in order that the right of the taxpayer to exercise family-control and provide for such dependents shall be based upon some moral or legal obligation.

The relationship of petitioner to the dependent in question was that of second cousin by marriage. We do not think this is the close connection by blood or marriage prescribed by the quoted regulation. Respondent in his determination of the deficiency has allowed petitioner the $400 credit permitted by section 25 (b) (2) for one dependent. We think that, under the facts disclosed by the evidence, this is all the credit petitioner is entitled to receive under the applicable statute and we sustain the Commissioner in his disallowance of $2,500 personal exemption as the head of a family.

Reviewed by the Board.

*Decision will be entered for the respondent.*