CHARLOTTE HOSKINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96467. Promulgated June 18, 1940.

*W. E. Baird, C. P. A.*, for the petitioner.
*Gene W. Reardon, Esq.*, for the respondent.

118

OPINION.

ARNOLD: Section 25 (b) of the Revenue Acts of 1934 and 1936 allows a personal exemption for the purposes of the normal tax and the surtax of $2,500 "in the case of the head of a family." No statutory definition is given as to what constitutes the "head of a family."

Respondent's regulations, article 25-4 of Regulations 86 and 94, define the head of a family as:

\* \* \* an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation.

This definition has been considered and accepted by the Board as a fair interpretation of the statute and as having the force and effect of law. *Olive Ross*, 37 B. T. A. 928, 931; *Alfred E. Fuhlage*, 32 B. T. A. 222; petition to review dismissed, *Helvering* v. *Fuhlage*, 79 Fed. (2d) 998; *Percy Wade*, 40 B. T. A. 328. The determination of the present issue, therefore, requires an application of this definition to the stipulated facts.

Petitioner contends that she qualifies under the above definition because she actually supported and maintained her niece in one household, and that her right to exercise family control over and provide for such niece is based upon a moral obligation. Petitioner further contends that the "dependent individuals" referred to in article 25-4 of the regulations is not the same as the dependents referred to in section 25 (b) (2), which limits the $400 credit for dependents to persons under 18 years of age, or incapable of self-support because mentally or physically defective.

In *Percy Wade, supra,* we pointed out the three essentials necessary to establish the status of a head of a family as follows:

1. Dependence, accompanied by actual support.
2. Maintenance of the home.
3. Close relationship by blood, marriage, or adoption in order that the right of the taxpayer to exercise family control and provide for such dependents shall be based upon some moral or legal obligation.

The stipulated facts show that this petitioner complies with at least a portion of all three essentials, since there was actual support in part, there was maintenance of a home, and there was a blood relationship in that the person living with petitioner was her niece. In the *Wade* case the relationship was that of a second cousin, which we held was too remote. But in *William Lee Tracy*, 39 B. T. A. 578, a niece was one member of a family maintained by the taxpayer in one household. The factual difference between the niece in the *Tracy* case and here is that this niece was an adult, educated woman, while Tracy's niece was a minor under 18 years of age.

Petitioner concedes that she was under no legal obligation to support and maintain her niece, and rests her claim to the exemption upon the moral obligation imposed by their blood relationship. She stresses, however, that it is the *right* to exercise family control which

she is required to establish, and not that the *right* was actually exercised. The argument is not without weight, as we expressed a similar thought in *Sidney Williamson Kirtland*, 39 B. T. A. 959, 961, where we said that "The regulations only require that the taxpayer have a right to exercise family control and they do not require that he have the exclusive right." That case involved the support and maintenance of taxpayer's divorced wife and two minor children, and we held that his right to exercise family control was sufficient to bring him within the definition of the head of a family.

The cited cases, and others that might be cited, in which the taxpayer was held to be the head of a family, involve factual situations more favorable to the taxpayers therein than the situation here presented. Ordinarily a family connotes a marital community, parent or parents and child or children. We do not, as a rule, think of two adults living together as constituting a family unless one is legally obligated to support the other. Cf. *Alfred E. Fuhlage, supra.* Certainly, this petitioner would have no standing here if her niece's earning capacity was equal to her own and the niece was bearing her pro rata portion of the living expenses. We are being asked, therefore, to hold that for tax purposes a voluntary social and economic arrangement between two adult individuals shall be considered the equivalent of a family under section 25 (b), one of whom is the head thereof. We are unable to so hold.

Commendable and praiseworthy as petitioner's efforts were in behalf of her niece, we can not agree that there was any such dependency on the part of the adult niece so as to entitle petitioner to classification as the head of a family. True, this petitioner carried the burden of maintaining and providing a living and quarters for both, but this fact does not entitle petitioner to classification as the head of a family. Her right of control went to the living she would provide and the quarters she would furnish. Petitioner could exercise no control over her niece except through the latter's gratitude for her aunt's generosity. Dependency under the definition goes further than economic convenience; it speaks in terms of people incapable of supporting themselves because of infancy, senility, mental incompetence, physical incompetence, and like or similar circumstances. Cf. *Augustus S. Loyless*, 40 B. T. A. 600. Economic factors in recent years have made many able-bodied, intelligent persons dependent upon the generosity of others, but these conditions did not make the donor the head of a family within the meaning of section 25 (b) (1) and article 25-4, Regulations 86 and 94.

*Decision will be entered for the respondent.*