GEORGE A. OHL, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105103. Promulgated September 4, 1941.

*J. G. Shipman, Esq.*, for the petitioner.
*A. H. Monacelli, Esq.*, for the respondent.

OPINION.

SMITH: This proceeding is for the redetermination of deficiencies for 1936, 1937, and 1938 in the amounts of $246.50, $94.62, and $156.11.

respectively. Petitioner alleges that the respondent erred in not allowing him a personal exemption of $2,500 as the head of a family in each of the taxable years and in not allowing him a $400 credit for a dependent.

The petitioner is a resident of Newark, New Jersey. He filed his income tax returns for the years 1936, 1937, and 1938 with the collector at Newark.

The petitioner is president and treasurer and principal owner of George A. Ohl & Co., a manufacturing company, and the Northern Real Estate Co., a real estate holding company.

In 1914 petitioner's wife was granted a limited divorce from him by a decree of the Court of Chancery of New Jersey and was given an allowance of $120 a week, which the petitioner has continued to pay up to the present time. Petitioner and his wife have not lived together since that time. During the taxable years 1936, 1937, and 1938 petitioner's wife lived in a house in Newark which she rented from the petitioner for $65 a month. The petitioner retained one room in the house where he kept his fishing tackle and other personal possessions. He made his residence on his farm nearby, but occasionally spent a night in his room at the house which his wife occupied.

For many years petitioner has been the sole support of an invalid sister, to whom he sends $100 a month. During 1936, 1937, and 1938 this sister resided next door to another sister in Eatontown, New Jersey, in a house which she rented from the Northern Real Estate Co. for $20 a month.

The respondent concedes in his brief that the petitioner was the sole support of his sister, that the sister was physically incapable of earning a livelihood and had no means of her own, and that accordingly the petitioner is entitled on her account to a credit for dependents of $400 per year.

The petitioner contends that he is also entitled to the statutory personal exemption of $2,500 as "head of a family" under section 25 (b) (1) of the Revenue Acts of 1936 and 1938. Section 25 (b) (1) of the Revenue Act of 1936 reads as follows:

SEC. 25. CREDITS OF INDIVIDUALS AGAINST NET INCOME.

* * * * * * *

(b) CREDITS FOR BOTH NORMAL TAX AND SURTAX.—There shall be allowed for the purposes of the normal tax and the surtax the following credits against net income:

(1) PERSONAL EXEMPTION.—In the case of a single person, a personal exemption of $1,000; or in the case of the head of a family or a married person living with husband or wife, a personal exemption of $2,500. A husband and wife living together shall receive but one personal exemption. The amount of such personal exemption shall be $2,500. If such husband and wife make

separate returns, the personal exemption may be taken by either or divided between them.

"The head of a family" is defined in the Commissioner's regulations (article 25–4 of Regulations 94) as follows:

ART. 25–4. *Personal exemption of head of family.*—A head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation.   *   *   *

· These regulations have been upheld as correctly interpreting the statute. *Alfred E. Fuhlage*, 32 B. T. A. 222; *Mary H. Walton*, 37 B. T. A. 620; *Annette Loughran*, 40 B. T. A. 252; *Harry P. Kishner*, 42 B. T. A. 456.

The evidence in the instant case is that the petitioner did not support or maintain either his divorced wife or his dependent sister in his own household. Petitioner made his residence at his farm while his wife and sister both maintained separate residences. Although the petitioner supported both of them, he did not exercise any family control over either of them.

In *Harry P. Kishner, supra*, we said:

The quoted regulation does not require absolutely and under all conditions that a taxpayer and his dependents reside continuously in one household, but if separate homes are maintained, reasonable necessity therefor must appear in order to entitle the taxpayer to the personal exemption allowable to the "head of a family." That petitioner does not come within any of the exceptions mentioned in respondent's regulations is too obvious to require discussion, but the examples stated do not purport to be all-inclusive. We have had occasion to allow the exemption in other circumstances, where reasonable necessity appeared for the maintenance of separate homes.

Apparently the sister maintained a separate residence purely as a matter of preference and not by any necessity of circumstances. At any rate the evidence does not show any valid reason why she might not have made her residence with the brother. Cf. *William Lea Tracy*, 39 B. T. A. 578; *Hassard Short*, 39 B. T. A. 567; also, *Estate of Grace Adams Howard*, 42 B. T. A. 449.

In *Sidney Williamson Kirtland*, 39 B. T. A. 959, and *Meier S. Block*, 37 B. T. A. 945, two of the cases relied upon by the petitioner, there were dependent minor children, as well as a divorced wife, whom the taxpayers supported and over whom they exercised family control. See also *Claude S. Rucker*, 42 B. T. A. 32.

In the circumstances here we sustain the respondent in the determination that the petitioner is not entitled in any of the taxable years involved to the personal exemption of $2,500 as the head of a family.

*Decision will be entered under Rule 50.*