JOSEPH N. KALLICK, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 106357.   Promulgated December 10, 1941.

*Sidney C. Nierman, Esq.,* for the petitioner.
*Lester M. Ponder, Esq.,* for the respondent.

OPINION.

ARUNDELL: The sole issue for our determination is whether or not petitioner is entitled to a personal exemption as the head of a family under section 25 (b) (1) of the Internal Revenue Code. Respondent has disallowed the exemption and claims that petitioner has shown himself entitled only to the personal exemption of $1,000 accorded single persons. He argues that the standards set forth in his regulations have the force and effect of law and that petitioner has not proved that he meets such standards. Respondent maintains specifically that petitioner did not actually support and maintain a dependent individual in the taxable year, that he did not possess the right to exercise control over his mother, that petitioner's mother was in good health and competent to earn her own living, and that the larger portion of petitioner's expenditures would have been made even if his mother had not resided with him.

Respondent's regulation here applicable is section 19.25–4 of Regulations 103, which defines a head of a family as "an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation."

We have previously approved similar regulations interpreting earlier revenue acts. *Alfred E. Fuhlage*, 32 B. T. A. 222 (art. 292,

Regulations 74, Revenue Act of 1928) ; *Florence W. Hunt*, 35 B. T. A. 1042 (art. 302, Regulations 69, Revenue Act of 1926) ; *Olive Ross*, 37 B. T. A. 928 (art. 292, Regulations 77, Revenue Act of 1932, and art. 25-4, Regulations 86, Revenue Act of 1934) ; *Percy Wade*, 40 B. T. A. 328; affd., 117 Fed. (2d) 21 (art. 25-4, Regulations 94, Revenue Act of 1936). See also *George A. Ohl, Jr.*, 45 B. T. A. 21, and *Mary B. Adams*, 45 B. T. A. 193 (Revenue Act of 1938). Assuming the validity of respondent's regulation here under consideration, there remains for us to determine whether petitioner has qualified as head of a family under its standards. We are of the opinion that he has clearly shown himself to be entitled to the head of a family exemption.

It seems clear that if petitioner's mother had been totally dependent, financially, upon petitioner and had been supported and maintained in his home, there would be little question of petitioner's status as head of the family. *Annette Loughram*, 40 B. T. A. 252; *William Lee Tracy*, 39 B. T. A. 578. Here, however, the mother of petitioner earned the sum of $710 in the taxable year from life insurance commissions. Petitioner expended the sum of $1,234 in the taxable year for mutual living expenses of himself and his mother, of which at least half may be attributable to her. The amount which petitioner contributed to his mother's support may be determined by adding to one-half of the mutual living expenses the sum of $250 which petitioner gave his mother for personal expenses. The sum of these two amounts, $867, represents the contribution which petitioner made for the support of his mother in the taxable year.

Although respondent's regulation does not define the phrase "actually supports", several of his rulings have indicated that the standard of support is satisfied where more than half of the support and maintenance of the dependent is furnished by the person claiming the exemption. O. D. 754, 3 C. B. 195; O. D. 775, 4 C. B. 214; G. C. M. 10431, XI-1 C. B. 37. We have held that the actual support requirement is met where the person claiming the exemption has contributed substantially, although not quite one-half, to the support of the dependent. *Eleanor L. Mack*, 37 B. T. A. 1101. See *Olive Ross*, 37 B. T. A. 928, 932. Thus, petitioner's contribution of $867 meets the criterion of support previously determined by us and by respondent.

Respondent stresses the fact that petitioner's mother might have earned more in the taxable year if she had devoted more time to her occupation. He cites *Richard H. Baumbach*, 42 B. T. A. 88, as authority for his argument that petitioner may not obtain the head of family exemption unless he proves that his mother could not have

earned more in the taxable year. We do not understand the *Baumbach* case to go so far. There the exemption was claimed by a father who actually maintained and supported a son "26 years old, in good health, a college graduate with a professional degree, and engaged in practicing his profession." We held that the taxpayer was not entitled to the exemption, stating:

It is our opinion that the word "dependent" in the regulations can not properly be extended to a case like this where the individual is an adult, well educated, in good health, engaged in a profession, but simply fails to earn enough in his practice to fully support himself.

In the cited case the son was clearly without the normal concept of a dependent. Here, however, the mother of petitioner was 50 years of age and, although in a fair state of health, had never applied for a full time position. We do not believe that a son should be required to have his mother attempt to perform full time work in order to determine whether he is entitled to the head of family exemption.

Respondent also cites *Louise Kingsley*, 11 B. T. A. 296. That case is clearly distinguishable from the instant proceeding, since there the taxpayer did not prove the amount devoted to the support of the alleged dependent. In *Charlotte Hoskins*, 42 B. T. A. 117, we considered the question of a dependent under respondent's regulations regarding the head of family exemption and stated that "Dependency under the definition goes further than economic convenience; it speaks in terms of people incapable of supporting themselves because of infancy, senility, mental incompetence, physical incompetence, and like or similar circumstances." The quoted statement does not require a holding that petitioner's mother is not a dependent within the meaning of section 25 (b) (1) of the statute.

Petitioner certainly had a right to exercise control over his mother based on both a legal and a moral obligation. The statutes of Illinois confer on petitioner the duty to support his mother if she be unable to support herself. Secs. 98.01 and 98.02, Jones Illinois Stat. Ann. Respondent has recognized the moral obligation of a son to support his parent. I. T. 3410, 1940-2 C. B. 85. Furthermore, the evidence presented at the hearing demonstrated that petitioner actually exercised a measure of control over his mother.

We do not care to speculate as to what petitioner's living expenses would have been if he had not had his mother living with him. The materiality of such a fact is not clear. We hold that petitioner has brought himself within the intendment of the statute granting the head of family personal exemption.

*Decision will be entered under Rule 50.*