Lizzie B. Gibson v. Commissioner.
Gibson v. Commissioner
Docket No. 111257.
United States Tax Court
1944 Tax Ct. Memo LEXIS 350; 3 T.C.M. (CCH) 188; T.C.M. (RIA) 44061; February 28, 1944
*350 Philip Nichols, Esq., for the petitioner. William R. Murrin, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: This proceeding seeks a redetermination of a deficiency in income tax of $53.51 for the year 1940, resulting from respondent's refusal to recognize petitioner's claim to an exemption as "head of a family" under section 25(b)(1) of the Internal Revenue Code, and his failure to allow deductions for contributions to the extent of $18. Findings of Fact Petitioner was born August 29, 1851, and was married in August, 1875. Her husband died in February, 1902, leaving surviving petitioner and four children, three of whom were minors. At the time of her husband's death petitioner and her children lived in a house in the Roxbury district of Boston. They lived there until November, 1911, when petitioner sold the house and moved to an apartment in Brookline, Massachusetts, where she has continued to live. Of the four children, three married and established homes of their own. One daughter, Frances B. Gibson (hereinafter sometimes referred to as the daughter), who was born in September, 1889, did not marry and continued to live with her mother up *351 to the time of the hearing. In the taxable year in question petitioner was 89 years old and her daughter was 51. The daughter was a teacher by profession and was last so employed in a private school during the year 1938, at an annual salary of $1,700. Her employment terminated in May, 1938, at which time she sought other employment but was unable to secure any. In the taxable year in question she was not physically or mentally incapable of self-support. During the taxable year the daughter was not employed. She remained at home where she kept house with petitioner. They employed no domestic servant. Petitioner paid the rent of the apartment, furnished the food, and paid for the utilities and other running expenses, including garage rent. The daughter bought her own clothes and paid her own medical expenses. Petitioner owned a summer home in Massachusetts which was destroyed by the hurricane in 1938, and which she replaced the next year at a cost of $8,500. Petitioner and her daughter occupied this place each year from the first of June to the end of September and periodically during the year. In 1940 and in other years another daughter and her three children also spent the summer *352 at petitioner's summer residence, and other members of the family visited petitioner there. Petitioner exercised direction and control of both households. Petitioner's mental faculties in the taxable year were not at all impaired by age and her physical condition was good. Petitioner's gross income in 1940 was $3,473.98; her net income being $2,958.19. The daughter had assets of approximately $20,000. Her income was all from investments and was in the gross amount of $1,162.81, and a net amount of $988.13. She claimed a personal exemption of $800. In her return for the year in question petitioner took a deduction for "contributions paid" of $114. In Schedule 8 her explanation of that deduction was a contribution to the Community Federation of $15, to Harvard Church of $71, and to the Red Cross of $10. Opinion Actual financial dependence is a prerequisite for exemption as head of a family, Augustus S. Loyless, 40 B.T.A. 600; John H. Watson, Jr., 38 B.T.A. 1026, as well as for a dependency deduction, although the proportions of the necessary contributions may differ. See Joseph N. Kallick, 45 B.T.A. 992; *353 Eleanor L. Mack, 37 B.T.A. 1101. Without considering the failure to show petitioner's adult daughter was incapable of self support, cf. Richard H. Baumbach, 42 B.T.A. 88; Mary H. Walton, 37 B.T.A. 620, her possession of property manifestly sufficient to defray all her expenses in the taxable year is enough to eliminate the financial dependency and hence to foreclose allowance of the claimed exemption, Augustus S. Loyless, supra;John H. Watson, Jr., supra, notwithstanding that petitioner may voluntarily have undertaken the discharge of their joint living expenses. Hannah D. Stratton, 5 B.T.A. 1025. Although the contested portion of the deduction for charitable contributions may appear too be de minimis, the record does not justify its allowance. For all that appears the payments in question may have been made to individuals. This will not support a deduction of that character. Cap. Andrew Tilles, 38 B.T.A. 545, affirmed (C.C.A., 8th Cir.), 113 F.2d 907, *354 certiorari denied, 311 U.S. 703. The fact, if it be such, that the tax return form was inadequate for a detailed description of the beneficiaries of these contributions does not warrant petitioner's failure to supply the necessary evidence at the hearing. Respondent's determination is sustained. Decision will be entered for respondent.