Florence P. Robbins v. Commissioner.
Robbins v. Commissioner
Docket No. 994.
United States Tax Court
1944 Tax Ct. Memo LEXIS 259; 3 T.C.M. (CCH) 430; T.C.M. (RIA) 44152; May 10, 1944
*259 William E. Russell, Esq., 149 Broadway, New York, N. Y., for the petitioner. J. Richard Riggles, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves income tax for the calendar year 1940 in the amount of $290.40, out of a deficiency determined in the amount of $314.03. The question is whether the petitioner is entitled, as head of a family, to exemption of $2,000, under section 6 (a) of the Revenue Act of 1940, and Regulations 103, section 19.25-4. All facts were stipulated, and we adopt the facts set forth in such stipulation as our findings of fact. Omitting formal parts, it reads: [The Facts] 1. The petitioner was in 1940, and is now, a citizen of the United States, and is the widow of Merton C. Robbins who died in 1937. 2. Petitioner resides at 134 Cliff Avenue, Pelham, New York. 3. Petitioner resided at 134 Cliff Avenue, Pelham, New York, with her late husband at the time of his death in 1937, and has continued to reside in said premises since said year. 4. At the time of her husband's death in 1937, petitioner's daughter, Mary Elizabeth Robbins, resided with petitioner at said premises and has continued to so reside since said year. *260 5. During the taxable year 1940, the petitioner's daughter, Mary Elizabeth Robbins, was not married; she was twenty-seven years of age in said year; and she was not suffering from any mental or physical infirmity. 6. The premises, 134 Cliff Avenue, Pelham, New York, were owned by Merton C. Robbins at the time of his death in 1937 and were devised to petitioner by the decedent's will. 7. Petitioner owned said premises in the year 1940 and resided therein with her said daughter, Mary Elizabeth Robbins, during all of said year. 8. The petitioner's daughter, Mary Elizabeth Robbins, was not engaged in any occupation during the year 1940, but she received dividends and interest during said year in the respective amounts of $1,449.00 and $118.02. 9. On March 11, 1941, said Mary Elizabeth Robbins filed with the Collector of Internal Revenue, 14th District of New York, Individual Income and Defense Tax Return, Form 1040A, for the year 1940, in which was reported the aforesaid dividends and interest. A true and accurate copy of said return, marked Exhibit "A", is attached hereto and made a part hereof. 10. Said home was maintained by petitioner for herself and daughter in accordance with *261 the wishes of her deceased husband. 11. Petitioner's residence at 134 Cliff Avenue, Pelham, New York, has ten rooms and four baths. It is situated on a plot 150 feet by 125 feet, and has a two car detached garage. It was assessed for taxable purposes by the Town of Pelham at $25,000.00 in the year 1940. 12. The books of account of the petitioner show the following expenses paid by the petitioner during the year 1940 for maintaining the aforesaid residence: Maintenance of automobile and
travel
$ 800.00
Real estate taxes
802.51
Insurance on property
7.50
Servant hire
1,073.10
Food
2,240.90
Gas, electricity and telephone
569.62
Supplies
87.42
Repairs to premises
211.20
$5,792.25
13. The books of account of the petitioner show the following personal expenses of the petitioner's daughter, Mary Elizabeth Robbins, paid by the petitioner during the year 1940: Clothing
$ 149.68
Doctor's bills
14.00
Entertainment
125.00
$ 288,68
14. Petitioner also owned and maintained in 1940 a summer home at Dummerston, Vermont, which was occupied by petitioner and her daughter, Mary Elizabeth Robbins, during the summer months. 15. The books of account of the petitioner *262 show the following expenses paid by the petitioner during the year 1940 for maintaining the aforesaid summer home at Dummerston, Vermont: Real estate taxes
$ 323.08
Electricity, gas and telephone
173.03
Servant hire
90.00
Food
427.71
Repairs on property
150.75
Insurance on property
75.33
Supplies
116.75
$1,356.65
16. If the petitioner were called as a witness at the trial of this proceeding, she would testify that she paid all of the expenses of maintaining both the Pelham home and the summer home at Dummerston, Vermont, and that she was not reimbursed for any part of said expenses by her said daughter, Mary Elizabeth Robbins. 17. During the year 1940, the petitioner received a gross income of $24,526.01, consisting of dividends of $8,340.00, interest on bank deposits and notes of $1,015.67, interest on corporation bonds of $775.00, income from Merton C. Robbins Trust of $10,000.00, net gain on sale or exchange of capital assets of $291.61 and interest under life insurance contract of $4,103.73. On March 6, 1941, the petitioner filed with the Collector of Internal Revenue, 14th District of New York, Individual Income and Defense Tax Return, Form 1040, for the *263 calendar year 1940, in which was reported the aforesaid income. A true and accurate copy of said return, marked Exhibit "B", is attached hereto and made a part hereof. Upon such facts we consider it clear that the petitioner is not entitled to exemption as the head of a family. We are able to discern neither dependency nor moral nor legal liability of the petitioner for the support of the daughter. The daughter was 27 years of age, neither mentally nor physically disabled, and had an income of $1,567.02 from dividends and interest in the taxable year. Though the statute does not define head of a family, the regulation, constant through various acts of Congress, does so, importing the elements of dependency and legal or moral duty to support; and we have required actual dependency. Percy Wade, 40 B.T.A. 328; Richard H. Baumbach, 42 B.T.A. 88, in which as here the petitioner's adult child, mentally and physically fit, and with some income though not enough for his expenses, was held not such dependent as to give the parent the exemption as head of a family. See also Charlotte Hoskins, 42 B.T.A. 117. *264 Merely because $1,567.02 was not sufficient to maintain the daughter on the same standard with the mother, with an income of about $24,500, is not proof of dependency in any real sense. The statute relied upon by the petitioner as grounds of legal liability upon its face is not sufficient; and the moral obligation may not be based upon the mere fact of parenthood over an adult, in the absence of dependency. The petitioner urges that there is moral obligation because one of the two homes occupied by mother and daughter during the taxable year was maintained in accordance with the wishes of her deceased husband, who had devised the property to the petitioner. We find the concept too tenuous to be a practical basis for tax exemption. In any event, however, dependency is also required, and is not here present. Cited cases, such as those involving a mentally incompetent daughter, Elizabeth C. Massengale, 2 T.C. 328; a widowed mother past middle age, Joseph N. Kallick, 45 B.T.A. 992; a minor daughter, Myrtle S. Carson, 47 B.T.A. 163; or several minor children, Eleanor L. Mack, 37 B.T.A. 1101, *265 are clearly distinguishable from the facts here presented. We find no error on the part of the Commissioner. Decision will be entered for the respondent.